## L. C. RANDALL'S ADM'R ET AL. *v.* SAMUEL MOORE.

**Husband and Wife—Money of Wife Liable for Husband's Debts.**

> Money received by a wife, and by her put into the possession of her husband, became his, and was liable for his debts.

### APPEAL FROM FAYETTE CIRCUIT COURT.

April 16, 1874.

OPINION BY JUDGE PRYOR:

The evidence in this case leaves no room to question the liability of appellants for the debt declared on. There is no evidence of any separate property in the wife, except the reception by her of money to which she seems to have been entitled by reason of relinquishing her contingent right of dower in some real estate in the city of Lexington. This money was, according to the theory of the wife, handed over to the husband, that he might conduct a grocery store as her agent. The husband did have and run a grocery store in his own name, or that of a firm with which he had been previously connected, and the interest of the wife, if she ever had any, seems not to have been known, by the public at least, until after the husband's death. The money, when delivered to the husband, became his; and when permitted to use it, as was done by him in this case, it must be subjected to the payment of his debts. The law provides a way by which the wife may trade as a *feme sole,* but this case is not within the operation of the statute. Uhrig, etc., v. Horstman & Sons, 8 Bush 172. Judgment affirmed.

*Kinkead & Buckner, for appellants.*

*H. M. Buford, for appellee.*